# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 1st Bank Yuma, | NO. CV-25-00252-PHX-JZB |
| Plaintiff, | ORDER |
| v. | |
| Southwest Heritage Bank, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge John Z. Boyle. (Doc. 18). On January 7, 2026, the Magistrate Judge filed a Report and Recommendation ("R&R") with this Court recommending that this Court grant Plaintiff's Motion for Entry of Default Judgment (Doc. 48) and award Plaintiff judgment in the amount of $1,199,956.00 against Defendant Lincoln J. Moore ("Defendant Moore"). (Doc. 65).[1] To date, no objections have been filed.

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf: Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

For the reasons set forth, the Court incorporates and modifies the Magistrate Judge's R&R. (Doc. 65).

## STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

## DISCUSSION[2]

The Court agrees with the R&R that this Court has subject-matter jurisdiction and personal jurisdiction. (Doc. 65 at 7-9). The Court also agrees that this Court is the proper venue and that service was proper. (Id. at 10). The Court also agrees with the R&R that the Eitel factors support granting default judgment in this matter. (Id. at 10–16). However, the R&R does not address whether Plaintiff is entitled to the requested relief, so the Court addresses it below.

In a default judgment, the Court will not award damages based solely on the complaint; a plaintiff bears the burden of substantiating their claimed damages. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987). The Court may award damages without an evidentiary hearing when "the amount claimed is a liquidated sum or is capable of mathematical calculation." Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981). When default judgment is entered solely on state law claims, "the state [pre-judgment] interest

---

[2] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Doc. 65).

rate generally applies." Mooney v. Roller Bearing Co. of Am., Inc., 138 F.4th 1349, 1351 (9th Cir. 2025). Post-judgment interest, however, is calculated under federal law. See 28 U.S.C. § 1961.

Plaintiff requests double statutory damages pursuant to A.R.S. § 12-671(A), prejudgment interest under A.R.S. § 44-1201, and post-judgment interest under 28 U.S.C. § 1961. (Doc. 48 at 14–15). Because Plaintiff's damages are readily ascertainable from the record, the Court finds that Plaintiff is entitled to the requested damages and interest. See Lasheen v. Embassy of the Arab Republic of Egypt, 625 F. App'x 338, 341 (9th Cir. 2015).

Anyone who violates the Arizona's Bad Check Statute "shall be liable to the holder of such check or draft for twice the amount of such check or draft or fifty dollars, whichever is greater." A.R.S. § 12-671(A). Plaintiff's affidavits and exhibits establish that Defendant Moore deposited seven checks totaling $599,978.00 in violation of § 12-671, which entitles Plaintiff to double statutory damages of $1,199,956.00. (Doc. 48 at 14; 22–35). Further, because Plaintiff prevailed solely on state-law claims, prejudgment interest under A.R.S. § 44-1201 and post-judgment interest under 28 U.S.C. § 1961 are appropriate.

Having reviewed the R&R of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and modifies the Magistrate Judge's R&R.

## CONCLUSION

Accordingly,

**IT IS ORDERED modifying** the R&R of the Magistrate Judge. (Doc. 65).

**IT IS FURTHER ORDERED granting** Plaintiff's Motion for Default Judgment as to Defendant Lincoln J. Moore. (Doc. 48).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Default Judgment to Defendant Jane Doe Moore as **moot**. (Doc. 48).

**IT IS FURTHER ORDERED entering** judgment in favor of Plaintiff 1st Bank Yuma against Defendant Lincoln J. Moore, for which:

1. $1,199,956.00 in statutory damages pursuant to A.R.S. § 12-671(A);

2. pre-judgment interest pursuant to A.R.S. § 44-1201; and

3. post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED directing** Plaintiff to file a motion for attorney fees and costs <u>on or before February 13, 2026</u> pursuant to LRCiv 54.2.

**IT IS FURTHER ORDERED directing** the Clerk of Court enter judgment accordingly and terminate Defendant Lincoln J. Moore in this matter.

**IT IS FURTHER ORDERED directing** the Clerk of Court to mail a copy of this Order to <u>Defendant Lincoln J. Moore</u> at: <u>513 Providence Cir., Edmond, Oklahoma 73003-6152</u>.

**IT IS FURTHER ORDERED directing** the Clerk of Court to mail a copy of this Order to <u>Defendant Lincoln J. Moore </u>at: <u>1925 E. Palomino Dr., Tempe, Arizona 85284-8024</u>.

**IT IS FURTHER ORDERED directing** the Clerk of Court to email a copy of this Order to: lincoln.moore@stevecoury.com.

Dated this 29th day of January, 2026.

_____
Stephen M. McNamee
Senior United States District Judge